

**FILED**

**September 22, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:38 P.M.

| | |
|---|---|
| Michael Boyd | ) Docket No. 2015-07-0053 |
| | ) |
| v. | ) |
| | ) State File No. 96497-2014 |
| Revel Logging, LLC | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Charles L. Hicks** | | | | | X | larry_hickslaw@bellsouth.net |
| **Jeffery G. Foster** | | | | | X | jfoster@morganakins.com |
| **Allen Phillips, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 22, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:38 P.M.

| | | |
|---|---|---|
| Michael Boyd | ) | Docket No. 2015-07-0053 |
| | ) | |
| v. | ) | |
| | ) | State File No. 96497-2014 |
| Revel Logging, LLC | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

## Affirmed in Part, Reversed in Part, and Remanded – Filed September 22, 2015

---

This interlocutory appeal involves an employee who alleges suffering a work-related back injury and a vascular leg injury from a fall at work. Although the employee received authorized treatment for his back injury, he sought treatment for the vascular condition on his own. Thereafter, he sought continuing treatment for both conditions as well as payment of medical bills associated with the unauthorized treatment of the vascular condition. The trial court determined that both injuries were compensable and ordered continuing treatment for the vascular condition and payment of the unauthorized medical bills. The trial court denied the employee's request for a second panel of physicians to treat his back injury. The employer has appealed, arguing that the trial court erred in determining that the vascular injury was compensable. After a careful review of the record, we affirm the trial court's decision to deny additional medical benefits for the employee's back injury and reverse the trial court's findings that the vascular injury was compensable and that the employer should pay the medical expenses associated with that condition. The case is remanded for such additional proceedings as may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Jeffery G. Foster, Jackson, Tennessee, for the employer-appellant, Revel Logging, LLC

Charles L. Hicks, Camden, Tennessee, for the employee-appellee, Michael Boyd

## Factual and Procedural Background

Michael Boyd ("Employee"), a forty-eight-year-old resident of Henry County, Tennessee, was working for Revel Logging, LLC ("Employer"), when he allegedly suffered an injury to his low back and a vascular injury in his left leg on December 2, 2014. He described climbing onto a machine that he operated to perform his duties and slipping, twisting his back and striking his leg. He testified that his left leg immediately felt "frozen" and that he experienced pain in his left leg and low back. He reported the incident that day and was transported by his supervisor to a clinic for evaluation. The attending physician diagnosed him with a lumbar strain and sciatica and prescribed medication.

The following day, Dr. Stephen Waggoner was chosen from a panel of physicians. Dr. Waggoner first saw Employee on December 5, 2014, and provided treatment for his back injury consisting of testing, physical therapy, and medication. Employee returned to Dr. Waggoner on December 11 to discuss his MRI results and began physical therapy on December 16. Employee complained of pain in his low back as well as left leg pain, numbness, and tingling at these visits. On December 22, 2014, Dr. Waggoner saw Employee again for his back injury, and Employee reiterated his left leg complaints. Upon examination, Dr. Waggoner noted that Employee's leg was cool to the touch and that he could not feel a pulse in that leg. He referred Employee to Methodist Hospital for immediate evaluation of a potential vascular condition.

Employee presented to Methodist Hospital but testified that, due to a case manager's[1] statement that Employer would not pay for treatment or testing for a vascular condition and his perception that the hospital was unsanitary, he decided to forego testing at that time. He subsequently learned that Employer would provide the recommended vascular testing, which was scheduled for December 26, 2014.

On December 25, 2014, Employee awoke in severe pain and went to the emergency room at Henry County Medical Center where testing revealed a blocked femoral artery in his left leg. The attending physician examined Employee and noted, "our working theory is that the patient likely mechanically ruptured an intra-arterial plaque at the time of his accident." The following day, the attending physician observed that "the patient is having an occlusion because of a trauma event which is ahead of the

---

[1] A case manager is employed to provide "medical case management or the ongoing coordination of medical care services provided to an injured or disabled employee." Tenn. Code Ann. § 50-6-102(6) (2015).

2

normal progression of atherosclerotic disease for this individual." Following additional testing, Employee underwent surgery performed by Dr. Andrew Lundberg for "acute thrombosis of the left common femoral system" on December 28, 2014.

Following his surgery, Employee returned to Dr. Waggoner, noting that his left leg was better but that he still had back pain. Dr. Waggoner prescribed a second round of physical therapy, which Employee requested be discontinued because he was feeling better and wanted to return to work. Dr. Waggoner allowed him to stop the physical therapy and return to work without restrictions or impairment. Employee testified that he continued to suffer from back pain and attempted to return to Dr. Waggoner for additional treatment. However, he was informed that Dr. Waggoner believed that he did not need additional treatment and had refused to see him.

On March 6, 2015, the case manager wrote to Dr. Waggoner and requested his opinion regarding the cause of Employee's vascular condition. Dr. Waggoner responded that the back strain suffered during the work incident was not the cause of Employee's vascular condition. However, he stated that, with respect to whether the work incident caused the vascular injury, he would defer to a vascular surgeon. A few days later on March 11, 2015, Employer wrote Dr. Waggoner seeking his opinion regarding the cause of the vascular condition and provided Dr. Lundberg's records. Dr. Waggoner checked "no" in response to the following question:

> In your expert medical opinion, taking into account this patient's health conditions as demonstrated in the above testing results and the surgical findings by Dr[.] Lundberg, the work injury in question, and your evaluation and treatment of the patient, along with any and all other information you feel to be germane, did the incident on December 2, 2014 contribute more than 50% in causing the patient's current vascular symptoms and need for surgery?

Dr. Lundberg likewise provided an opinion regarding the cause of Employee's vascular condition, stating:

> [w]hether or not this was specifically associated with a traumatic fall and acute dissection at the time, I am not sure anybody could answer unless we had seen him just directly after the fall but given the temporal relationship between the fall and the symptoms, my suspect [sic] is that this would be associated with his injury during his duties at work.

Following an expedited hearing, the trial court determined that Employee was not entitled to a second panel of physicians for his back injury because the medical evidence

3

established that additional treatment was unnecessary.[2] The trial court also determined that Employee suffered a compensable vascular injury to his left leg, deemed Dr. Lundberg the authorized treating physician, and ordered Employer to pay the medical bills associated with the vascular condition. Employer timely appealed, and the Appeals Board received the record on September 4, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). Moreover, "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption

---

[2] Employee has not appealed the trial court's denial of additional medical benefits for his back injury and, therefore, we need not address that issue.

shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(13)(E) (2014).

Here, the evidence contained in the record does not support the trial court's finding that Employee's vascular condition was caused by the work incident of December 2, 2014. Dr. Waggoner, while initially indicating that he would defer to the vascular surgeon on the issue of causation, ultimately opined that the work accident was not the primary cause of the vascular injury. For his part, Dr. Lundberg opined that "[w]hether or not this was specifically associated with a traumatic fall and acute dissection at that time, I am not sure anybody could answer unless we had seen him just directly after the fall." He goes on to say that, due to the temporal relationship between the work accident and Employee's complaints, he "suspect[s]" that the vascular injury is associated with the work incident. Thus, Dr. Lundberg was unsure whether anyone could opine on the issue of causation, and he only suspected the vascular condition was associated with the employment. Such an opinion is conjectural, does not establish that the injury is primarily work-related, and is insufficient to rebut the presumption of correctness attached to Dr. Waggoner's opinion under section 50-6-102(13)(E).

Accordingly, we conclude that, based upon the record as it currently exists, there is insufficient evidence from which the trial court could determine that Employee is likely to prevail at a hearing on the merits concerning whether his vascular condition arose primarily out of and in the course and scope of his employment. It follows that the trial court erred in requiring Employer to pay the medical bills associated with that condition. Employer's remaining issues are pretermitted.

## Conclusion

For the foregoing reasons, the trial court's findings that Employee's vascular condition is compensable and that Employer should pay the medical expenses associated with that condition are reversed. As no issue has been raised regarding the trial court's denial of additional medical benefits for Employee's back injury at this time, that portion of the court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

**Marshall L. Davidson, III,**
**Presiding Judge**
**Workers' Compensation Appeals Board**

5